RECEIVED
IN ALEXANDRIA, LA
FEB 19 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| YUSUFU TOURAY,<br>　　Petitioner | CIVIL ACTION<br>NO. 1:09-cv-01540 |
| VERSUS | |
| ERIC HOLDER, et al.,<br>　　Respondents | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 18 U.S.C. § 2241 by petitioner Yusufu Touray ("Touray") on September 1, 2009. Touray, a citizen of Gambia, was ordered removed from the United States on October 6, 2004. Touray was released on supervision by the Immigrations and Customs Enforcement Service ("ICE") on November 13, 2006, but was returned to ICE custody on February 6, 2009. At the time he filed his petition, Touray was being detained by ICE in the LaSalle Detention Center in Trout, Louisiana. Touray filed this petition pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001), contesting his continued detention by ICE and contending there is no significant likelihood of his removal to Gambia in the reasonably foreseeable future. The sole relief requested by Touray in this petition is release from detention by ICE pending his removal from the United States.

The Respondents filed a motion to dismiss the complaint as

moot (Doc. 15); documentary exhibits show that that Touray was released under supervision on November 18, 2009 (Doc. 15).

Since Touray has been released from custody by ICE and is no longer being detained pending his removal from the United States, Touray has obtained the relief sought in his habeas petition. Therefore, Touray's habeas petition is moot and should be dismissed.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Respondents' motion to dismiss (Doc. 15) be GRANTED and Touray's habeas petition be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) calendar days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) calendar days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 19th day of February, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE